## JAMES SHIELDS *vs.* OLIVER HASTINGS.

Previous to *St.* 1852, *c.* 256, if an officer levying an execution upon real estate, appoint an appraiser for the judgment debtor, his return should clearly show that the debtor neglected or refused to appoint one himself, or the levy is void.

WRIT OF ENTRY for a tract of land in Cambridge. At the trial in this court before *Bigelow*, J. the demandant relied upon a deed of the premises from Patrick Shields to himself, dated 22d September, 1848. The tenant claimed under an execution in his favor against said Patrick Shields, levied on said premises 9th November, 1850, and founded on a judgment for a debt existing prior to the demandant's deed, and he contended that said deed was fraudulent and void at common law.

The demandant claimed that the levy of said execution was invalid because it did not appear from the officer's return thereon that the judgment debtor had neglected or refused to appoint an appraiser, and therefore that the officer had no authority to appoint one for him. The return so far as material to this point, was as follows:

" Middlesex, ss. November 9, 1850. By virtue of this execution, I this day seized the real estate described in the foregoing certificate of the appraisers, and caused three disinterested and discreet men to be sworn as appraisers, to wit: Walter M. Allen was appointed by the within-named Oliver Hastings, the creditor, and Joseph H. Rice and Thomas D. Cook, who were both appointed by me, the within-named Patrick Shields not being within my precinct, but out of the state, and having no agent or attorney known to me, &c."

The presiding judge ruled that the levy was invalid, and the jury returned a verdict for the demandant. The tenant excepted to the foregoing ruling.

*E. Buttrick*, for the tenant.

*B. F. Butler*, for the demandant.

DEWEY, J. The right of the demandant to avoid the levy, under which the tenant claims, for any defect in the same, is unquestioned. The only point for our consideration is whether

such defect exists.   It is insisted by the demandant, that it does, in the omission on the part of the officer to state in his return any sufficient reason for his appointing an appraiser for the debtor.   The statute provision is thus : " In case the debtor shall neglect to appoint one, the officer shall appoint one for him."   Rev. Sts. *c.* 73, § 3.   The return states as the reason for appointing an appraiser for the debtor " the within Patrick Shields not being within my precinct but out of the state, and having no agent or attorney known to me."   It is contended on the part of the tenant that this differs from the case of *Leonard* v. *Bryant*, 2 Cush. 32, where the levy was held invalid. It certainly does to some extent, and presents a more favorable case for sustaining the levy.   But the return is a departure from the provisions of the statute, and not equivalent to the recital required therein, and, as it seems to the court, not valid under the statute existing at the time of the trial.   Though not open to all the objections of the case of *Leonard* v. *Bryant*, yet it will readily be seen that the facts stated in the return might all be true, and yet the debtor not have neglected to appoint an appraiser.   Suppose the debtor had addressed a letter to the officer, appointing an appraiser; that might be, and yet the debtor might be " out of the state, and have no agent or attorney within it," which is all that is stated in the return.

The *St.* 1852, *c.* 256,* may have given relief against the error in future cases, but does not apply to the present case, which was tried before the passage of that act.

*Exceptions overruled.*

---

* Which enacts that " If, at the time of appointing of appraisers of real estate taken in execution, the judgment debtor shall be absent from the commonwealth, or not a resident therein, and shall have no agent or attorney known to the officer, or shall neglect to appoint an appraiser, the officer shall appoint one for him, and shall state the above facts in his return or certificate as the reasons why he appointed an appraiser for the debtor.   And no levy heretofore made shall be void by reason of the officer's having appointed an appraiser for the judgment debtor, if it shall be made to appear at any trial, that the debtor, at the time of appointing the appraisers, was absent from the commonwealth, and not a resident therein, and had no agent or attorney therein known to the officer, and did not appoint an appraiser for himself."